Opinion filed April 2, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed April 2,
2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                  ___________

 

                                                          No. 11-08-00175-CR

                                                    __________

 

            EDITH GWEN GILL A/K/A EDITH GWEN GILBERT, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                          On
Appeal from the 29th District Court

 

                                                       Palo
Pinto County, Texas

 

                                                    Trial
Court Cause No. 13510

 



 

                                             M
E M O R A N D U M   O P I N I O N

The
trial court convicted Edith Gwen Gill a/k/a Edith Gwen Gilbert, upon her plea
of guilty, of possession of methamphetamine.  A plea bargain agreement was not
reached.  Appellant also entered pleas of true to both enhancement
allegations.  The trial court assessed her punishment at confinement for twenty
years and a $2,500 fine.  We affirm.

                                                  Sole
Issue on Appeal








In
her sole issue, appellant seeks a remand for a new punishment hearing. 
Appellant contends that her trial counsel rendered ineffective assistance of
counsel by failing to call witnesses and by failing to recuse the district
judge.  Specifically, appellant contends that her trial counsel should have
inquired if either she or her boyfriend knew the district judge in order to
disqualify or recuse the judge. 

                                                              Standard
of Review

In
order to determine whether appellant=s
trial counsel rendered ineffective assistance at trial, we must first determine
whether appellant has shown that counsel=s
representation fell below an objective standard of reasonableness and, if so,
then determine whether there is a reasonable probability that the result would
have been different but for counsel=s
errors.  Wiggins v. Smith, 539 U.S. 510 (2003); Strickland v.
Washington, 466 U.S. 668 (1984); Andrews v. State, 159 S.W.3d 98
(Tex. Crim. App. 2005); Hernandez v. State, 988 S.W.2d 770 (Tex. Crim.
App. 1999).  We must indulge a strong presumption that counsel=s conduct fell within the
wide range of reasonable professional assistance; and appellant must overcome
the presumption that, under the circumstances, the challenged action might be
considered sound trial strategy.  Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002); Stafford v. State, 813 S.W.2d 503, 508-09 (Tex.
Crim. App. 1991).  These standards apply to allegations of ineffectiveness at
both the guilt/innocence and the punishment phases of a trial.  Hernandez,
988 S.W.2d at 772.

                                                               Background
Facts

Gary
Morris testified that he was a field deputy with the Palo Pinto County Sheriff=s Department.  While he was
working with the City-County Narcotics Unit, he observed a vehicle driven by
appellant pull into the driveway of a house he had under surveillance.  There
was Asome contact,@ and then appellant drove
away.  Per his instructions, Deputy Morris followed appellant and stopped her
after she ran a stop sign.  Right after he turned on his overhead lights to
make the stop, Deputy Morris observed an object being thrown from appellant=s vehicle.  The object was
recovered, and it contained methamphetamine.  Appellant admitted to Deputy
Morris that the methamphetamine had been in her possession. 








Appellant
testified that she was 48 years old, that she had already been sentenced to a
total of 124 years (including a 30-year sentence and a 75-year sentence for
possession of methamphetamine), and that she had a drug problem.  Of those 124
years, appellant said she had Adone
about 21 years locked up.@ 
During her time in prison, appellant took Aprinting
trades@ and worked as
an apprentice in a carpentry program.  She stated that, while AA meetings were
held, the program was in a Adormant
state because the State wasn=t
funding for them to come and there wasn=t
very much AA.@  When
she was released, she went to counseling only twice because the funding had
been cut. 

Appellant
testified that she was the person who threw the drugs out of the vehicle.  She
also stated that the $386 she had in her possession when she was stopped was
not from selling drugs but was from shooting dice.  Appellant stated that she
needed to Alearn some
skills@ or Asome tools@ to use so that she would
no longer use drugs.  She asked the trial court to give her another chance by
placing her in treatment.  

Appellant
stated that she had had a big change in her life: she was no longer single and
Mr. Kubosh, her boyfriend of one year, was very supportive and wanted her
to stop using drugs.  Mr. Kubosh had had a drug problem but was Avery clean@ now.  Mr. Kubosh had told
her that she did not have to sell drugs or use drugs and that he would take
care of her.  Appellant stated that she did not think Mr. Kubosh could make her
car payment on his Social Security income and that she did not think it was
fair for him to try.  Appellant explained that that was why she was still
selling drugs at the time of her arrest.

Trial
counsel acknowledged that, with appellant=s
record, it was a Astretch@ to ask for placement in a
treatment facility; but he argued that Asimply
locking her up is not working@
and that he did not believe that Ajust
rank incarceration on her is going to get us anywhere.@  Trial counsel asked the trial court to
consider placing her in SAFPF where she would be released on community
supervision and would still be subject to confinement if she did not comply
with either the SAFPF requirements or the conditions of her community
supervision. 

The
State responded by arguing that appellant had spent twenty-one of the previous
twenty-eight years incarcerated and that she might not qualify for SAFPF due to
the health conditions she had mentioned to the court.  The State asked the
trial court to sentence her to confinement for twenty years. 

The
trial court then found appellant guilty and assessed her punishment at
confinement for twenty years and a $2,500 fine.  At the conclusion of the trial
court=s
post-sentencing admonishments to appellant, the following occurred:

THE COURT:  I hope Mr. Kubosh has gone
straight. A number years back that was the -- I guess over in Millsap, the
largest methamphetamine distribution outfit going and everybody knew it and I
hope he has.

 








[APPELLANT]:  I
know he has.

 

THE COURT: 
Well, I pray that you=re
right.  I don=t hold
that against you, your association with him.  In fact, that=s in your favor if he has
gone straight.

 

[APPELLANT]: 
Yes, Your Honor.

 

THE COURT: All
right.  Good luck to you, Edith. 

 

                                         Application of Law to the
Facts

The
record does not support appellant=s
contentions that her trial counsel failed to provide effective assistance.  The
record clearly reflects that the trial strategy was to admit her problems with
drugs and seek treatment in a drug treatment facility or program.  The trial
court=s statements
concerning her boyfriend were made after her conviction and after her
sentencing.  Nothing either in the trial court=s
statements or the record raised grounds for disqualification or recusal of the
trial court.  Tex. Code Crim. Proc. Ann.
art. 30.01 (Vernon 2006).  The record supports the conclusion that trial
counsel provided reasonably effective assistance of counsel and, therefore,
does not support appellant=s
contentions that the first prong of the Strickland test has been met. 
The issue is overruled.

                                                         Conclusion

The
judgment of the trial court is affirmed.

 

TERRY McCALL        

JUSTICE

 

April 2, 2009

Do not publish.  See Tex.
R. App. P. 47.2(b).

Panel consists
of:  Wright, C.J.,

McCall, J.,
and Strange, J.